Samuel M. Gold, J.
Section 552 of the Code of Criminal Procedure applies only before conviction, while section 555 of the Code of Criminal Procedure governs after conviction (see People v. Wirtschafter, 305 N. Y. 515, 520). Defendant has been convicted of criminally receiving stolen property, as a mis *178 demeanor, and of criminally possessing a pistol, also as a misdemeanor. Section 555 prohibits the admission of defendant to bail if he was “ convicted of any of the crimes or offenses described in section five hundred fifty-two of this code and is circumstanced as there described”. The offenses of which defendant has been convicted are among those described in section 552. Defendant is ‘1 circumstanced ’ ’ as described in that section, for he has two prior felony convictions. It follows that defendant may not be admitted to bail. The provision in the last paragraph of section 552 (as amd. by L. 1962, ch. 698) which allows a Judge of the Criminal Court of the City of New York to admit a defendant to bail merely adds that court to the courts (Supreme Court, General Sessions and County Court) which may admit a defendant to bail before conviction. It does not authorize any court to admit a defendant to bail after conviction of a crime or offense described in section 552, where the defendant is ‘1 circumstanced 5 ’ as described in section 552. The last paragraph of section 552 is not included in the scope of the word u circumstanced” as used in section 555. To adopt defendant’s contrary construction would lead to the anomalous result of permitting bail in New York City to defendants who are absolutely barred from bail in the rest of the State. There is nothing to indicate that the Legislature had such an intention nor is section 555 reasonably capable of such an interpretation.
The motion is denied insofar as it seeks defendant’s admission to bail. It is denied, as academic, to the extent that it seeks a certificate of reasonable doubt, in view of the fact that defendant may not be admitted to bail.